No. 2702.—HART, ARBOUR & Co. *v.* B. T. BEAUREGARD, Tax Collector.

Section three of the revenue act of 1869, authorizing the levying and collecting a fixed amount
as a license, makes no provision for a *pro rata* license, and a person commencing business
in the latter part of the year must pay the full amount of the license authorized to be
assessed.

The requiring of every party owing a license to the State to pay the full amount, without refer-
ence to the time that he commences business, is not a violation of the principle of
uniformity established by the constitution.

A firm engaged in the manufactory of agricultural implements in this State is liable to pay a
license tax, the same as any other manufacturing firm, under the revenue laws of 1869,
section 2.

APPEAL from the Parish Court of East Baton Rouge. *Husted,*
Parish Judge. *Fuqua & Callihan,* for plaintiffs and appellees.
*R. W. Knickerbocker,* for defendant and appellant.

HOWELL, J.   Plaintiffs, a manufacturing firm, composed of four per-
sons, enjoined the tax collector from seizing, closing and selling their
factory for a license of one hundred dollars each, for the year 1869,
upon the grounds:

*First*—Because the revenue act of that year is not a law, having been
approved by the Governor after the adjournment of the Legislature.

*Second*—Because, if it be a law, they are liable only for a license tax
for the proportion of the year during which they were engaged in their
business, to wit: From November 15 to December 31, 1869; otherwise
it would not be uniform.

*Third*—Because in no event can they be held to pay for more than
one license for their occupation.

1. The first ground has been settled adversely to plaintiffs' position,
in the case of the State, ex rel., Attorney General, *v.* Fagan, recently
decided; and we have no reason to change our views on the subject.

2. The license is fixed at a certain sum for the year.   Section three
of the act says: "There shall be levied and collected an annual
amount as a license," and no provision is made for a *pro rata* license.
No authority is given to the tax collector to demand or recover less
than the amount fixed by the law.   Nor is this a violation of the prin-
ple of uniformity established by the constitution.   The amount
required of every one in the same occupation is the same per annum,
and the time during which the business is conducted is a matter
entirely with the person taking out the license.   The State prescribes
that a certain sum per annum shall be paid by each, who thereby
secures the right for the calendar year.   Whether he closes before the
end of the year or does not begin business until the year has advanced,
rests with him.   There was no obligation imposed by the State on the
plaintiffs to open their business operations at the time they did; but
it required the license to be paid when they did begin, and it was with
them to determine whether their interests required them to begin as
they did, or wait until the first of January following.

3. A clause in the second section of the act reads : " Each partner of any firm doing business in this State, in any line of occupation, whether resident or nonresident, active or silent, shall pay a license as herein prescribed." The plaintiffs allege that they entered into copartnership for the purpose of manufacturing agricultural implements, under the firm name of Hart, Arbour & Co. This brings them within the operation of the foregoing clause. They are a firm whose occupation is that of manufacturing. They are the proprietors of a. factory, each of whom is required to pay a license. The above special provision of the law controls in this respect the general principle that a firm is an ideal being, distinct from the members composing it. Each is equally a provision of the law, and the special controls the general in the cases to which it applies.

It is also contended by plaintiffs that the sixty-third section of said. act, prohibiting the courts from interfering with State collectors in. making collections, is unconstitutional, because it deprives the inhabitants of adequate remedy against the illegal acts of a collector.

The reply to this is, that plaintiffs have suffered nothing from it, as. they have, without objection, invoked and obtained the interference of the court, and a decision of the question would be of no avail to them; for if their view be sustained they would get nothing more than has been done, the passing on their liability to pay the license as. demanded.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be dissolved, with ten per cent. damages, on the amount of the licenses enjoined, and costs in both courts.